## HENLEY v STUMP

Ohio Appeals, 9th Dist, Summit Co
No 1866. Decided Dec 22, 1930

John H. McNeal and H. P. Henley, both of Akron, for Henley.

Smoyer & Smoyer, Frank & Ream, and John R. Vaughn, all of Akron, for Stump.

PARDEE, J.

We have carefully examined the bill of exceptions in this case and know what the evidence is as to the facts bearing upon the question of liability, the extent of plaintiff's injuries, and the situation immediately before, at and after the time when the collision occurred.

The jurors, after hearing the witnesses testify, must have reached the conclusion that the plaintiff was not guilty of any negligence, and if they believed the evidence offered by the plaintiff tending to prove her case, they were warranted in finding, as they did, that the collision was not caused by the sole negligence of the driver of the automobile in which plaintiff was riding, and from our examination of the record we cannot say that the determination of the jury upon the question of liability is manifestly against the weight of the evidence.

At the time the alleged misconduct of the plaintiff and her attorney occurred, revealing to the jury what the defendant said to her immediately after the accident, to-wit: "Mr. Henley said 'I carry liability to take care of this'," we are satisfied that neither the plaintiff nor her attorney intended improperly to bring this fact before the jury. There is no evidence in the record in regard to a deposition alleged to have been taken, as claimed by the defendant's counsel, which reveals that the plaintiff's attorney had prior knowledge of this situation. We are of the opinion that this question was asked and answered without any premeditated desire upon the part of either erroneously to bring this situation before the jury. The court immediately fully and properly instructed the jury to disregard the answer as given by the witness and told the jury that the answer should not be considered by it in arriving at its conclusion in this case; and from the entire record we are satisfied that there is not any prejudicial error in said incident.

We disaffirm the claim that revelations of this kind are prejudicial error as a matter of law; they must be considered as other errors, to determine whether they are prejudicial when taken in connection with all the evidence submitted to the jury for its consideration.

The defendant, at the conclusion of plaintiff's case, made three motions:

First, for an order striking out of the amended petition the following: "and did not drive his said automobile with due regard for the safety of the plaintiff, but drove his said car as aforesaid in a way so as to endanger the life and limbs of the plaintiff while she was in the lawful use of said highway, and also drove his automobile at a rate of speed of approximately thirty (30) miles per hour, which rate of speed was too great, and was negligent and unlawful in view of the darkness and rain."

Second, for an order withdrawing from the consideration of the jury and striking out of the amended petition the following: "and did not drive the same on the easterly

side of the said highway but instead thereof drove the same on the westerly or left-hand side."

Third, for an order withdrawing from the consideration of the jury and striking out of the amended petition the following: "and in that he also drove his car at too great a rate of speed in view of the darkness and heavy rain falling."

It will be observed that these motions, except the first one, relate to the striking out of the amended petition and withdrawing from the consideration of the jury certain parts of plaintiff's amended petition, instead of asking the court to withdraw from the consideration of the jury these alleged claims of negligence. Of course, the court was right in overruling these motions, because it was perfectly proper for the plaintiff to allege in her petition these claimed acts of negligence of the defendant, and the court would not have had any right to order them stricken from the petition, even though the plaintiff did not offer evidence to sustain them.

But taking the motions as the defendant probably intended them to be considered— i. e., as defendant's request that the court instruct the jury to disregard these alleged acts of negligence because there was no evidence to sustain them, we think the court was nevertheless right in overruling said motions, for there was some evidence from which the jury would be justified in reaching a conclusion from the physical condition of the cars after the accident, the evidence which showed their positions upon the highway, and other evidence in the record offered by the plaintiff which would justify the jury in arriving at the conclusion that these acts of negligence were supported by some evidence. The fact that there was no affirmative evidence that the defendant was driving his car at any particular rate of speed would not have justified the court in withdrawing those claimed acts of negligence from the consideration of the jury, for it is a matter of common knowledge that there may be evidence other than direct statements upon the subject from which a rate of speed may be inferred, and such inferences are, of course, entitled to the same consideration and belief as direct testimony. The trial court was right in overruling these motions and did not commit any prejudicial error in so doing.

The next error alleged relates to the charge of the court, to wit:

"Plaintiff charges in her petition that the defendant negligently operated his automobile in such a manner as to cause her injuries. She charges that the defendant was guilty of negligence (1st) in not driving his car on the right-hand side of the road, but driving it on the left side of the road; (2nd) that he drove his car at too great a rate of speed in view of the darkness and heavy rainfall; (3rd) that he drove his car without regard for the safety of this plaintiff, and so as to endanger the life and limb of the plaintiff, while she was in the use of the highway; (4th) that he drove his car at a rate of speed of approximately thirty-five miles per hour, which rate was too fast in view of the darkness and the rain. * * *

"Another section of the statute of the state of Ohio provides the following: 'Whoever operates a motor vehicle in and upon the public roads or highways at a speed greater than is reasonable and proper, having regard for the width, traffic, use and the general and usual rules of such road or highway, shall be deemed guilty of a misdemeanor. A rate of speed greater than thirty-five miles per hour outside of a municipal corporation shall be prima facie evidence of a rate of speed greater than is reasonable and proper.'

"Now, ladies and gentlemen of the jury, if you find that section of the statutes has been violated by this defendant, then you will determine whether or not the violation of that section of the statute was negligence under the instructions which this court has given you."

As heretofore stated, we are of the opinion that there was some evidence in the record which prevented the court from withdrawing consideration of these alleged acts of negligence from the jury, and of course if there was such evidence, the trial court did not commit error in including the foregoing-quoted words from the petition of the plaintiff in its general charge to the jury and submitting that question for its consideration. We do not find any error in this regard.

It is also claimed that the amount of the verdict is excessive and against the weight of the evidence.

The plaintiff received very severe and permanent injuries, and if the jury believed that they were anywhere as serious as the plaintiff claimed them to be and the evidence tended to prove, then we cannot say that the verdict is manifestly against the weight of the evidence.

We do not find any prejudicial error in the record so we affirm the judgment.

FUNK, PJ, and WASHBURN, J, concur.